UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TEQUILA N. SCOTT,

                            Plaintiff,

                                                                        <u>DECISION AND ORDER</u>

                                                                          06-CV-6055L

                            v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,[1]

                            Defendant.
_____

On January 11, 2007, plaintiff, a prevailing party in this action for Social Security benefits, moved for an order awarding fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Dkt. #12). Plaintiff's attorney, the Empire Justice Center, Catherine M. Callery, of counsel, ("EJC"), seeks EAJA fees in the amount of $8,900.65, based on approximately 55 hours of attorney time.

The Commissioner does not challenge EJC's right to an award of EAJA fees, nor the hourly rate claimed, but argues that the amount of attorney time expended was excessive (55 hours) and should be reduced to something between 20 and 40 hours. The Commissioner maintains that this is the range generally deemed appropriate in an average Social Security case, and that there is no

---

[1] Plaintiff's complaint names former Commissioner of Social Security Joanne B. Barnhart as the defendant. Michael J. Astrue, the current Commissioner, automatically is substituted as the defendant pursuant to Fed. R. Civ. P. 25(d)(1).

reason to justify exceeding that here. (Dkt. #14). Plaintiff responds that this case was not an "average" Social Security case because it presented unusual and complex medical and legal issues.

I agree with plaintiff that this case was more complex than the "usual" Social Security case, but find that the total hours expended should be reduced slightly.

Under the EAJA, a prevailing party in a Social Security benefits case may be awarded fees payable by the United States if the Government's position in the litigation was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A). EAJA fees are determined by examining the amount of time expended on the litigation and the attorney's hourly rate, which is capped by statute. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); 28 U.S.C. § 2412(d)(2)(A). The Court must determine if the hours expended and the rates charged are reasonable, and the fee applicant has the burden to establish the reasonableness of both. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Alnutt v. Cleary*, 27 F.Supp.2d 395, 399 (W.D.N.Y.1998).

There is no dispute that the Government's position here was not substantially justified. On appeal, the Commissioner originally moved for judgment on the pleadings on the grounds that substantial evidence supported the ALJ's determination that plaintiff was not disabled, and not entitled to either child or adult SSI benefits. Plaintiff then cross-moved for judgment on the pleadings and filed a 30-page memorandum of law, accompanied by more than 30 pages of additional exhibits. Plaintiff maintained that the Commissioner erred in failing to find her disabled under both childhood and adult disability standards.[2]  After plaintiff filed her cross-motion, the Commissioner changed course, and offered to remand the matter for further administrative

---

[2] Plaintiff turned eighteen during the course of the proceedings and her claims had to be reviewed and analyzed under both standards.

proceedings. A stipulation was entered on December 11, 2006 remanding the case to the Commissioner for further proceedings pursuant to sentence four of § 405(g).

At issue is whether the fee sought is reasonable. The Court has broad discretion to determine what amount of time is "reasonably" expended. *Aston v. Secretary of Health and Human Serv.*, 808 F.2d 9, 11 (2d Cir.1986). I agree that, generally, district courts in this Circuit have held that a routine Social Security case requires from twenty to forty hours of attorney time. *See, e.g., Cruz v. Apfel*, 48 F.Supp.2d 226, 230 (E.D.N.Y.1999); *Grey v. Chater*, No. 95 Civ. 8847, 1997 WL 12806, *1 (S.D.N.Y. Jan. 14, 1997). Where the facts of a specific case warrant it, however, courts do not hesitate to award fees in excess of forty hours. *See Kania v. Shalala*, No. 91-CV-0766, 1995 WL 307604 (W.D.N.Y. May 10, 1995) (finding 51.9 hours of attorney time reasonable in case with complicated medical issues); *Monaco v. Secretary of Health and Human Services*, 83-CV-1397, 1987 WL 13512 (W.D.N.Y. July 3, 1987) (58.25 hours reasonable); *Elliott v. Bowen*, 83-CV-271, 1987 WL 8817 (W.D.N.Y. April 2, 1987) (48.7 hours reasonable); *see also Colegrove v. Barnhart*, 435 F.Supp.2d 218 (W.D.N.Y. 2006) (95.5 hours reasonable).

I agree that this case presented unusual and more complex medical issues and that exceptional circumstances exist justifying in excess of 40 hours of attorney time. The records show that plaintiff suffered from a craniopharyngioma, a brain tumor near her pituitary gland that affected hormone production, growth, and other body functions, particularly those related to the hypothalamus. At the age of nine, she underwent brain surgery for partial removal of the craniophyaryngioma. After surgery, plaintiff continued to suffer from serious pituitary deficiencies, with resulting growth impairment and obesity, hyperthyroidism, as well as impaired intellectual functioning.

On appeal, plaintiff argued that the ALJ erred in finding that she had no impairment in the domain of "health and physical well-being," when the record clearly showed that she had "marked"

impairments. Plaintiff also claimed that she met the requirements for Listings 100.00 (Growth Impairment) and 112.05 (Mental Retardation).  In her fee application, plaintiff argues that the several unusual medical conditions from which plaintiff suffered required extra research – both as to the medical conditions themselves and as to how they related to the SSA's listing criteria. Further, plaintiff maintains that the "health and physical well-being" domain is not litigated frequently in childhood disability cases, and required additional research.

I find that plaintiff has met her burden of proving that the majority of the time spent was reasonable and should be compensated under the EAJA.  I agree with the Commissioner, however, that the total hours spent is somewhat excessive. Although the medical and legal issues presented were more complex than usual, I find that 42 hours of attorney time spent reviewing the transcript and drafting a memorandum of law is on the high side and reduce that amount by 4 hours.

EJC should be compensated for a total of 51 hours of attorney time at the hourly rate of $161.83, for an EAJA award of attorneys fees in the amount of $8253.33.

## CONCLUSION

Plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (Dkt. #12), is granted in part.  EJC is entitled to fees in the amount of $8253.33.  The award is to be made payable to the Empire Justice Center, counsel for plaintiff.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
     February 20, 2007.